IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ADOLPHUS GOSSETT, #Y17397,<br><br>        Plaintiff,<br><br>v.<br><br>LIEUTENANT MCDONALD,<br>SERGEANT STOUT, and C/O DEAN,<br><br>        Defendants. | Case No. 20-cv-00943-SPM |

## MEMORANDUM AND ORDER

**MCGLYNN, District Judge:**

Plaintiff Adolphus Gossett, an inmate of the Illinois Department of Corrections who is currently incarcerated at Pontiac Correctional Center, brings this civil action pursuant to 42 U.S.C. § 1983 for violations of his constitutional rights. Gossett claims that while housed at Lawrence Correctional Center Defendants used excessive force against him. He seeks monetary damages.

The Complaint is now before the Court for preliminary review pursuant to 28 U.S.C. § 1915A. Under Section 1915A, any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or requests money damages from a defendant who by law is immune from such relief must be dismissed. *See* 28 U.S.C. § 1915A(b). At this juncture, the factual allegations of the pro se complaint are to be liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

### THE COMPLAINT

Gossett alleges the following: On December 12, 2018, he was involved in a physical altercation with correctional officers. (Doc. 1, p.6). After trying to obtain the attention of a lieutenant or higher ranked correctional officer to "resolve a issue [he] was having," Correctional

Officer Dean and another officer became physical with Gossett. Dean "threw closed fist punches" at Gossett. Fearing for his safety, Gossett punched Dean in response. Dean then tackled Gossett to the ground and placed his arms around Gossett's neck, choking Gossett. Gossett bit Dean's thumb, and Dean released Gossett. Gossett surrendered and was taken to segregation. (*Id.*).

Once in segregation, Sergeant Stout and Lieutenant McDonald asked Gossett if he needed medical care. (Doc. 1, p. 6). Gossett replied yes, and Stout instructed Gossett to come to the cell door so that Gossett could be handcuffed. Stout then placed the handcuffs on Gossett so tight that the handcuffs "bit the skin off" off Gossett's wrists. Gossett was then told to lay face down on the floor so that his legs could be shackled. The leg restraints were also placed on Gossett too tight and took the skin off of his ankles. Once restrained, Stout slammed Gossett's head into the ground smashing the left side of his face. Stout also punched him in the face causing a knot to form on the right side of his head and bleeding. Gossett was then dragged in a "hog-tied" position, placed in a wheelchair, and taken to the healthcare unit. (*Id.*).

In the healthcare unit, Lieutenant McDonald pushed the nurse away and stuck Gossett hard with a needle to draw blood. (Doc. 1, p. 6). Gossett's left palm and thumb went numb, and he still continues to have no feeling in his left palm and thumb. While McDonald drew blood, Stout "dug his fingers under [Gossett's] jawline and pulled up." Soon after the incident, Gossett was transferred to another correctional facility. (*Id.*).

## DISCUSSION

Based on the allegations of the Complaint, the Court finds it convenient to designate the following counts:

Count 1: Eighth Amendment claim against Dean, Stout, and McDonald for the use of excessive force against Gossett on December 12, 2018.

Count 2: Eighth Amendment claim against McDonald and Stout for providing Gossett inadequate medical care.

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly*[1] pleading standard.**

At this stage, Gossett sets forth a viable excessive force claim against Defendants in Count 1. *See DeWalt v. Carter*, 224 F.3d 607, 619 (7th Cir. 2000).

Count 2 will also proceed against McDonald and Stout. After arriving to the healthcare unit, these Defendants, who are not medical professionals, prevented the nurse from drawing blood and conducted the procedure themselves, ignoring the substantial risk of serious harm that could befall Gossett. *See Gutierrez v. Peters,* 111 F. 3d 1364, 1373 (7th Cir. 1997).

### DISPOSITION

For the reasons stated above, the Complaint survives preliminary review pursuant to Section 1915A. **COUNT 1** will proceed against McDonald, Stout, and Dean. **COUNT 2** will proceed against McDonald and Stout.

Because Gossett's claims involve his medical care, the Clerk of Court is **DIRECTED** to **ENTER** the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.

The Clerk of Court shall prepare for McDonald, Stout, and Dean the following: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is directed to mail these forms, a copy of the Complaint, and this Memorandum and Order to Defendants' place of employment. If a defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the

---

[1] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (7th Cir. 2007).

forms were sent, the Clerk shall take appropriate steps to effect formal service on the defendant, and the Court will require the defendant pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a defendant can no longer be found at the work address provided by Gossett, the employer shall furnish the Clerk with the defendant's current work address, or, if not known, his last known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to file an appropriate responsive pleading to the Complaint in a timely manner and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). **Pursuant to Administrative Order No. 244, Defendants only need to respond to the issues stated in this Merit Review Order.**

If judgment is rendered against Gossett and the judgment includes the payment of costs under Section 1915, he will be required to pay the full amount of the costs, even though his application to proceed *in forma pauperis* was granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Gossett is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than 7 days after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: December 7, 2021**                    *s/ Stephen P. McGlynn*
                                               **STEPHEN P. MCGLYNN**
                                               **United States District Judge**

**NOTICE TO PLAINTIFF**

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to the complaint. It will likely take at least **60 days** from the date of this Order to receive the defendants' Answers, but it is entirely possible that it will take **90 days** or more. When all of the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at his time, unless otherwise directed by the Court.