IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **ADOLPHUS GOSSETT, R65374**, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No.  20-cv-943-RJD |
| **ROXANNE MCDONALD, et al.**, | ) ) ) |
| Defendants. | ) |

**ORDER**

**DALY, Magistrate Judge:**

This matter comes before the Court on the Answer and Affirmative Defenses filed by Defendant Dean on January 27, 2025.  Doc. 82.  Plaintiff, currently incarcerated within the Illinois Department of Corrections ("IDOC), filed this lawsuit pro se and in forma pauperis on September 16, 2020.  Doc. 12.  He alleges that on December 12, 2018, he became involved in an altercation with correctional officers at Lawrence Correctional Center ("Lawrence").  Doc. 1, p. 6.  Officer Rue (not a defendant) and Officer Dean (a defendant) "became physical" with Plaintiff when he tried to get the attention of a lieutenant.  *Id*.  Defendant Dean "threw closed fist punches" at Plaintiff, tackled him to the ground, and tried to choke him.  *Id*.  Plaintiff bit Defendant Dean and was then taken to segregation.  *Id*.  Once in a cell in segregation, Defendants Stout and McDonald (both correctional officers) appeared and asked Plaintiff if he "needed health care." *Id*.  Plaintiff responded affirmatively, and Defendant Stout placed handcuffs on him.  *Id*. Defendant Stout then punched Plaintiff in the face and the officers drug Plaintiff to a wheelchair and took him to a "small room to draw blood."  *Id*.  In the room, Defendant McDonald pushed a nurse away and stuck a needle in Plaintiff's arm "so hard that [his] left palm and thumb went

numb." *Id*. Following this Court's threshold review pursuant to 28 U.S.C. §1915A, Plaintiff proceeded on the following claims:

> Count 1:   Eighth Amendment claim against Dean, McDonald, and Stout for excessive force against Plaintiff on December 12, 2018;
>
> Count 2:   Eighth Amendment claim against McDonald and Stout for providing inadequate medical care.

Doc. 12. The parties engaged in discovery and on September 24, 2024, the Court denied summary judgment motions filed by Defendants McDonald and Stout. Doc. 64.

As for Defendant Dean, he waived service and consented to the undersigned's jurisdiction on February 4, 2022. Docs. 21 and 22. His answer was due on March 5, 2022. Doc. 21. By May 23, 2022, Defendant Dean had not filed his answer, nor had any attorney appeared on his behalf, and the Clerk of Court made an entry of default against him on May 24, 2022. Docs. 35 and 36. Plaintiff filed multiple Motions for Default Judgment, all of which were denied for failing to comply with SDIL Local Rule 55.1(b) which formerly required litigants to send a motion for default judgment to the mailing address of a default defendant (or, in this case, the Attorney General's Office). Docs. 35, 38, 40, 40, 47, 49. SDIL Local Rule 55.1(b) has since been rescinded. Plaintiff currently has a Motion for Default judgment pending against Defendant Dean to be resolved after the jury trial. Doc. 66. The Court held a settlement conference on November 14, 2024; the case was not settled. Doc. 72.

The Court recently recruited counsel for Plaintiff and set this case for a jury trial on March 11, 2025. Docs. 73, 75, and 77. At a status conference held on December 19, 2024, counsel for Defendants McDonald and Stout told the undersigned and Plaintiff's counsel that he had confirmed with the Illinois Department of Corrections that he and the Illinois Attorney General's Office would not be representing Defendant Dean. On January 8, 2025, the undersigned granted

leave to Plaintiff's recently recruited counsel to depose Defendants so that counsel could adequately prepare for trial.  Doc. 80.

On January 15, 2025, counsel for Defendants McDonald and Stout entered his appearance for Defendant Dean, but did not file a Motion to Vacate the Entry of Default.  On January 27, 2025, counsel filed Defendant Dean's answer and affirmative defenses, seemingly unaware of the Entry of Default.  Doc. 82.  The Clerk of Court is DIRECTED TO STRIKE Answer and Affirmative Defenses (Doc. 82) filed by Defendant Dean, who will not be granted leave to file an answer unless Plaintiff has no objection and withdraws his Motion for Default Judgment, and/or if Defendant Dean can establish "(1) good cause for the default; (2) quick action to correct it; and (3) a meritorious defense to the complaint."  *Cracco v. Vitran Express., Inc.*, 559 F.3d 625, 630-31 (7th Cir. 2009) (internal quotations omitted).  Considering that Defendant Dean and his attorney's office have been aware of Plaintiff's claims against Defendant Dean for at least three years, the Court questions how Defendant Dean will be able to establish quick action to correct the default.  The Court made Defendant's attorneys' office aware of this issue on multiple occasions over the past three years.  The delay in having counsel appear for Defendant Dean undoubtedly prejudiced Plaintiff.  In any event, if Defendant Dean intends to file a Motion to Vacate the Entry of Default, he must do so by January 30, 2025.

**IT IS SO ORDERED.**

**DATED: January 28, 2025**

*s/ Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**