**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **ADOLPHUS GOSSETT, R65374** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No.    20-cv-943-RJD** |
| | ) | |
| **ROXANNE MCDONALD, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## ORDER

**DALY, Magistrate Judge:**

On today's date, the Court held a hearing on the Motion to Withdraw filed by Plaintiff's court-recruited counsel.   Plaintiff, formerly incarcerated within the Illinois Department of Corrections ("IDOC), filed this lawsuit pro se and in forma pauperis on September 16, 2020.   Doc. 12.   He alleges that on December 12, 2018, he became involved in an altercation with correctional officers at Lawrence Correctional Center ("Lawrence").   Doc. 1, p. 6.   Following this Court's threshold review pursuant to 28 U.S.C. §1915A, Plaintiff proceeded on the following claims:

> Count 1:    Eighth Amendment claim against Dean, McDonald, and Stout for excessive force against Plaintiff on December 12, 2018;
>
> Count 2:    Eighth Amendment claim against McDonald and Stout for providing inadequate medical care.

Doc. 12.

The parties engaged in discovery and on September 24, 2024, the Court denied summary judgment motions filed by Defendants McDonald and Stout.   Doc. 64.   The Court scheduled a settlement conference on November 14, 2024; the case was not settled.   Doc. 72.   Plaintiff had never filed a Motion for Recruitment of Counsel, but the Court nonetheless exercised its discretion

and recruited Attorney Amanda Chase to represent Plaintiff.   Doc. 73. Attorney Chase appeared and this case was scheduled for a jury trial to begin on March 11, 2025.

Attorney Chase requested and was granted leave to depose the three defendants to prepare for trial.   Defendant Dean had never appeared through counsel and in May 2022, the Clerk of Court made an Entry of Default against him.   Nonetheless, Attorney Chase served and deposed Defendant Dean, who subsequently appeared through counsel and filed a Motion to Vacate the Clerk's Entry of Default.

At Plaintiff's request, Attorney Chase filed a Motion to Withdraw on February 4, 2025. The Court held a hearing via videoconference; Plaintiff and Attorney Chase were able to confer privately and afterwards, Plaintiff represented that he wanted to continue being represented by Attorney Chase.   Meanwhile, Attorney Chase filed Motions in Limine, pretrial disclosures, and a response to Defendant Dean's Motion to Vacate the Clerk's Entry of Default.

Attorney Chase also appeared on Plaintiff's behalf at the hearing on Defendant Dean's Motion to Vacate and the final pretrial conference on February 27, 2025.   Plaintiff was present at both settings, having recently been released from prison; Attorney Chase obtained from the Court and provided a videoconference link to Plaintiff so that he could appear via videoconference. Attorney Chase informed the Court that Plaintiff disagreed with her inclusion of certain witnesses on the pretrial disclosure list, even though she had spoken with those witnesses and believed that they would testify favorably on Plaintiff's behalf.

Later that day (February 27, 2025), Attorney Chase filed another Motion to Withdraw, explaining that Plaintiff believes she is coordinating with defense counsel against his best interests and that they had irreconcilable differences.   Attorney Chase did not have a physical address for Plaintiff but informed the Court of his email address and emailed her Motion to Withdraw to

Plaintiff. The Court set the Motion to Withdraw for hearing via videoconference on March 3, 2025 at 10:30 a.m.and directed the Clerk to provide Plaintiff with notice of the hearing via his email address, and also provide him with a link to the videoconference.

Plaintiff never appeared for today's hearing on Attorney Chase's Motion to Withdraw. The Court began the hearing at 10:38 a.m. Attorney Chase explained that she emailed her Motion to Withdraw to Plaintiff and left him a voicemail regarding her Motion on February 27, 2025. She also left him a voicemail this morning prior to the hearing. Attorney Chase informed the Court that Plaintiff had told her that he believed the Court was forcing him to continue representation by Attorney Chase. Attorney Chase also explained that during the February 27, 2025 hearings, she heard Plaintiff say that he was going to hire his "Jewish lawyer" to sue Attorney Chase. Convinced that the attorney client relationship could not be salvaged, the Court granted Attorney Chase's Motion to Withdraw.

The Court acknowledges that only four days (from February 27 to March 3, 2025) passed between the date Attorney Chase filed her Motion to Withdraw and the hearing on the Motion. This relatively short time was necessary because of the impending trial date on March 11, 2025. The Court expected Plaintiff to be present at today's hearing to voice any objections to Attorney Chase's Motion, considering that Plaintiff had the videoconference log-in information and was able to successfully join the February 27, 2025 Court videoconference. The Court therefore presumes Plaintiff has no objection to her withdrawal.

**The Court will hold a status conference on March 6, 2025 at 1:00 p.m. via telephone. To join the conference call, the parties should call 571-353-2301. The access code is 090647147.** The purpose of the status conference is for Plaintiff to inform the Court whether counsel will be entering on his behalf or whether he will be representing himself at the March 11,

2025 trial.   In the meantime, and if Plaintiff is going to represent himself, Plaintiff should prepare and mail to the Court a pleading that indicates he will be pro se, provides the Court with his mailing address, and confirms his telephone number and email address.   If an attorney is going to enter on Plaintiff's behalf, the attorney should do so immediately.

The Clerk of Court is directed to send a copy of this Order to Plaintiff at bladedadon20@gmail.com, which is the email address provided to the Court by Attorney Chase that she used to communicate with Plaintiff.

**IT IS SO ORDERED.**

**DATED: March 3, 2025**

_s/ Reona J. Daly_

**Hon. Reona J. Daly**
**United States Magistrate Judge**